IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARLOS WILSON,

    Petitioner,                    No. CIV S-09-3013 FCD DAD (HC)

   vs.

D. SISTO,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the March 30, 2007 decision of the California Board of Parole Hearings ("Board") to deny him parole. On December 31, 2009, the undersigned ordered respondent to file and serve a response to the petition. On March 1, 2010, respondent filed the pending motion to dismiss, arguing that petitioner's federal habeas application is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an opposition to the motion, and respondent has filed a reply.

## BACKGROUND

        On March 30, 2007, the Board conducted a parole hearing and found petitioner unsuitable for release on parole. Petitioner filed three post-conviction collateral challenges in

/////

state courts to the Board's decision.  Applying the mailbox rule[1], on November 25, 2007, petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court.  (Resp't's Mot. to Dismiss (hereinafter "MTD"), Ex. 1.)  On January 31, 2008, the Superior Court denied that petition.  (MTD, Ex. 2.)  On March 4, 2008, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Second Appellate District.  (MTD, Ex. 3.)  On March 21, 2008, the Court of Appeal denied that petition.  (MTD, Ex. 4.)  On September 2, 2008, petitioner filed a petition for habeas corpus in the California Supreme Court.  (MTD, Ex. 5.)  On March 11, 2009, the California Supreme Court denied that petition.  (MTD, Ex. 6.)

On October 24, 2009, petitioner commenced this action by filing a federal petition for writ of habeas corpus with this court.

**RESPONDENT'S MOTION TO DISMISS**

Respondent moves to dismiss the pending habeas petition, arguing that it is time-barred.  Specifically, respondent argues that the Board's decision to deny petitioner parole became final on March 31, 2007, and petitioner had one year thereafter in which to file a federal habeas petition challenging that decision.

Respondent acknowledges that the proper filing of a state post-conviction application presenting the pertinent claims tolls the statute of limitations period.  However, respondent contends that 239 days of the limitations period had already elapsed before petitioner filed his first habeas petition in the Los Angeles County Superior Court.  (MTD at 3.)  Respondent concedes that the AEDPA statute of limitations for the filing of a federal petition was tolled while petitioner's applications before the Los Angeles County Superior Court and the California Court of Appeal were pending, specifically between November 25, 2007 and March 21, 2008.  (Id.)

/////

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

However, respondent argues that petitioner is not entitled to statutory tolling for the period between the Court of Appeal's denial of habeas relief on March 21, 2008 and petitioner's filing of a habeas petition with the California Supreme Court on September 2, 2008, because petitioner unreasonably allowed 165 days to lapse before presenting his habeas application to the California Supreme Court. (<u>Id</u>. at 3-4.) Respondent argues that petitioner is not entitled to equitable tolling of the limitations period. Respondent contends, therefore, that by the time petitioner filed his federal habeas petition on October 24, 2009, the AEDPA statute of limitations had therefore long since expired. (<u>Id</u>. at 4.)

## PETITIONER'S OPPOSITION

In opposition to the motion to dismiss, petitioner argues that the one-year statutory time period under AEDPA did not begin to run until the Board's March 30, 2007 decision became final on July 28, 2007. (Pet'r's Opp'n to Resp't's Mot. to Dismiss (hereinafter "Opp.") at 2-4; <u>see</u> <u>id</u>., Ex. A at 8.[2]) Accordingly, he claims, only 120 days of the limitations period elapsed before he filed his first habeas petition in the Superior Court. (Opp. at 4.)

Petitioner also claims that he is entitled to statutory and/or equitable tolling for the entire period between his filing of his first petition for habeas relief in state court and his filing of his federal petition. Petitioner claims he is entitled to this tolling because "he is a pro se inmate who is litigating his own case;" because he "had no knowledge concerning parole matters and had to conduct extensive research prior to preparing and filing his petition initially;" and because, due to crowded prison conditions at his place of incarceration, he had limited access to the prison law library. (<u>Id</u>. at 4-5.)

## STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See <u>Lindh v.</u>

---

[2] Citations to petitioner's exhibits refer to page numbers assigned by the court's CM/ECF system.

3

Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations with respect to federal habeas petitions challenging parole suitability determinations is based on § 2244(d)(1)(D): the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003). "Courts ordinarily deem the factual predicate to have been discovered the day the decision becomes final, i.e., 120 days after the Board finds a petitioner not suitable for parole." Wilson v. Sisto, No. Civ. S-07-0733 MCE EFB P, 2008 WL 4218487, at *2 (E.D. Cal. Sept. 5, 2008) (citing Nelson v. Clark, No. 1:08-cv-00114 OWW SMS HC, 2008 WL 2509509, at *4 (E.D. Cal. June 23, 2009)).  See also

Stotts v. Sisto, No. CIV. S-08-1178-MCE-CMK P, 2009 WL 2591029, at *4 (E.D. Cal. Aug. 20, 2009); Van Houton v. Davison, No. CV 07-05256 AG (AN), 2009 WL 811596, at *9 (C.D. Cal. March 26, 2009); Woods v. Salazar, No. CV 07-7197 GW (CW), 2009 WL 2246237, at *5 & n.9 (C.D. Cal. Mar. 23, 2009) (citing cases); Perez v. Sisto, No. Civ. S-07-0544 LKK DAD P, 2007 WL 3046006, at *4 (E.D. Cal. Oct.18, 2007); Cal. Code Regs., tit. 15, § 2041(h) (Board decisions are final 120 days after the hearing); Cal. Penal Code § 3041(b) (same). Contra McGuire v. Mendoza-Powers, No. 1:07-CV-00086 OWW GSA HC, 2008 WL 1704089, at *10 (E.D. Cal. April 10, 2008) (deeming factual predicate to have been discovered on the date of the Board decision). Following the majority of district courts to have considered this issue, the undersigned concludes that the factual predicate of petitioner's habeas claims was "discovered" when the Board's decision denying him parole became final on July 28, 2007. The one-year statute of limitations for the filing of a federal habeas petition attacking that decision therefore began to run on July 29, 2007 and, absent tolling, expired one year later on July 29, 2008.

    The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

    In reviewing habeas petitions from California, the Ninth Circuit formerly employed a rule that where California courts did not explicitly dismiss a habeas petition for lack of timeliness, the petition was presumed timely. The Supreme Court rejected this approach and now requires the lower federal courts to determine whether a state habeas petition was filed

within what California would consider a reasonable period of time.  Chavis, 546 U.S. 189.  When a state post-conviction petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2).  Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812 (2005)).  See also Carey, 536 U.S. at 226.  However, in the absence of a clear indication that petitioner's state habeas petitions were denied as untimely, this court is now charged with the duty of independently determining whether petitioner filed his state habeas petitions within what California would consider a reasonable time.  Chavis, 546 U.S. at 198.

## ANALYSIS

As noted above, in this case petitioner filed three up-the-ladder habeas petitions in the state courts challenging the Board's 2007 decision to deny him parole.  The parties do not dispute that petitioner is entitled to statutory tolling of the AEDPA's one-year statute of limitations for the period during which his petitions before the Los Angeles County Superior Court and California Court of Appeal were pending, i.e., between November 25, 2007 and March 21, 2008.  (See MTD at 3.)

However, petitioner also seeks statutory and/or equitable tolling of the period between the state appellate court's decision on March 21, 2008 and the filing of his habeas petition in the California Supreme Court on September 2, 2008.[3]  Below, the court will focus on this crucial time period.

Absent equitable tolling, it cannot be disputed that the AEDPA statute of limitations ran for 120 days between July 29, 2007 (the day after the Board's decision became final) and petitioner's filing of his first state habeas petition in the Los Angeles County Superior

---

[3] Petitioner also asserts that the initial four-month period of time between the Board's decision becoming final and his seeking habeas relief in the Los Angeles County Superior Court and the approximately seven-month period between the California Supreme Court's decision denying relief on March 11, 2009 and his filing of the instant federal petition on October 24, 2009, should be subject to equitable tolling.

1   Court on November 25, 2007.  It also cannot be disputed that the statute of limitations ran once
2   again following the California Supreme Court's decision denying petitioner habeas relief.  Thus,
3   the statute of limitations ran another 227 days from the date of the California Supreme Court's
4   decision on March 11, 2009 to October 24, 2009, when petitioner signed his federal habeas
5   petition for mailing to this court.  Between these two periods of time that are undisputedly not
6   subject to statutory tolling, 347 days of the one-year statute of limitations for the filing of a
7   federal habeas petition had expired.

8          Thus, the only question is whether the 165-day period between the California
9   Court of Appeal's denial of habeas relief on March 21, 2008 and petitioner's filing of his state
10  habeas petition in the California Supreme Court on September 2, 2008, is subject to tolling.
11  Upon consideration, the undersigned concludes that during this disputed interval the AEDPA
12  statute of limitations was not subject to statutory or equitable tolling.

13         In reaching this conclusion, the court has taken into account the following.  In
14  Chavis the U.S. Supreme Court acknowledged that in California, a state prisoner may seek
15  review of an adverse lower court decision by filing a habeas petition in a higher court, and that
16  such a petition is timely if it is filed within a "'reasonable time.'"  546 U.S. at 192-93.  See also
17  In re Crockett, 159 Cal. App. 4th 751, 757 (2008) ("A petitioner seeking relief on habeas corpus
18  need only file a petition without substantial delay, or if delayed, adequately explain the delay.")
19  In deciding in Chavis whether the three-year interval between the California Court of Appeal's
20  denial and the filing of a habeas petition with the California Supreme Court was reasonable, the
21  Supreme Court concluded that in "viewing every disputed issue most favorably to Chavis, there
22  remains a totally unexplained, hence unjustified, delay of at least six months."  546 U.S. at 201.
23  In that context, the Supreme Court stated as follows:

24         Six months is far longer than the "short period[s] of time," 30 to 60
    days, that most States provide for filing an appeal to the state
25      supreme court.  Saffold, supra, at 219, 122 S. Ct. 2134.  It is far
    longer than the 10-day period California gives a losing party to file
26      a notice of appeal in the California Supreme Court, see Cal. App.

> Ct. Rule 28(e)(1) (2004).  We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable."  Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in Saffold.

Id.  Thus, "Evans made clear that an unexplained delay of six months between the denial of one California state court and a new filing in a higher California court was too long to permit tolling of the federal limitations period on the ground that state court proceedings were 'pending.'" Waldrip v. Hall, 548 F.3d 29, 735 (9th Cir. 2008).  However, "whether an unexcused delay, of greater than 30 to 60 days but less than six months, in filing a California state habeas petition would be considered 'reasonable' by the California court has been left to the lower federal courts to determine on habeas review." Sigmon v. Kernan, No. CV 06-5807 AHM (JWJ), 2009 WL 1514700 at *5 (C.D. Cal. May 27, 2009).[4]

        The Supreme Court's acknowledgment that such a determination may be difficult is well supported.[5]  As the Ninth Circuit has noted:

---

[4] One district court has determined that the following two-step analysis should be used to determine if a California petition is timely filed and entitled to gap tolling: "First, when the delay is between sixty days and six months, the court should ask whether an unexcused delay of the given duration is reasonable under California law.  Second, if the court concludes that the delay is unreasonable, then the federal court must go on to decide whether the petitioner has a good excuse for the delay." Gutierrez v. Dexter, No. CV 07-00122-MMM (MLG), 2008 WL 4822867 at *6 (C.D. Cal. Oct. 30, 2008).  See also Sigmon v. Kernan, No. CV 06-5807 AHM (JWJ), 2009 WL 1514700 at *5 (C.D. Cal. May 27, 2009).

[5] In what can fairly be characterized as a profound understatement, the Supreme Court recognized that "[g]iven the uncertain scope of California's 'reasonable time' standard, it may not be easy for the [lower federal courts] to decide in each such case whether the petitioner's state-court review petition was timely." Chavis, 546 U.S. at 199.  In Bonner v. Carey, the Ninth Circuit noted that it was ironic that the complicated procedure necessitated under the Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S. 408 (2005) derives from the AEDPA a statute purportedly designed to streamline and simplify the complicated habeas process. 425 F.3d 1145, 1149 n.20 (9th Cir. 2005).  As this court has noted before, the same observation is applicable to the case-by-case analysis that federal courts in California must now engage in under Evans v. Chavis to determine whether state habeas petitions were filed within what California courts would have deemed to be a "reasonable time" had they elected to consider the issue.  See Thomas v. Scribner, No. CIV S-04-0733 MCE DAD P, 2006 WL 2711667, *6, n.14 (E.D. Cal. Sept. 21, 2006).  All the while it becomes more and more clear that the most simple and

> California's timeliness rule bars habeas petitions that are filed after 'substantial delay.' A habeas petitioner in California must justify any "significant" or "substantial" delay in seeking habeas corpus relief. Clark, 21 Cal. Rptr. 2d 509, 855 P.2d at 738, 750-51. There are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. There are also no standards for determining what factors justify any particular length of delay.
>
> ***
>
> Clark did nothing to clarify the application of the basic "substantial delay" standard with regard to noncapital cases. Furthermore, the Clark exceptions, specifying when review can be granted despite "substantial delay," do nothing to clarify the "substantial delay" standard itself.

King v. LaMarque, 464 F.3d 963, 966 (9th Cir. 2006). More recently, the Ninth Circuit has held that unexplained delays of 101, 115 and 146 days by California prisoners in seeking state habeas relief from the next highest state court is unreasonable for purposes of statutory tolling of the AEDPA statute of limitations. Chaffer v. Prosper, 592 F.3d 1046, 1048 & n.1 (9th Cir. 2010) (noting that the California Supreme Court denied certification of the question when the Ninth Circuit sought guidance on the issue under California law); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010). Although devoid of analysis of California law with respect to that State's indeterminate timeliness rule, this court is bound by these decisions.[6]

---

streamlined procedure to address the vast majority of federal habeas petitions would be to address the merits. Indeed, in the undersigned's experience, that is in fact what the California Court of Appeals and California Supreme Court elect to do in resolving the vast majority of state habeas petitions which come before those courts.

[6] Prior to these recent Ninth Circuit decisions no consensus has emerged among district courts in California as to the length of unexplained delay which is unreasonable in the wake of the decision in Chavis. Osumi v. Giurbino, 445 F. Supp. 2d 1152, 1158-59 (C.D. Cal. 2006) (96 and 98-day unexplained intervals between decision and filing of the next petition were not unreasonable); Reddick v. Felker, No. Civ S-07-1147 JAM KJM P, 2008 WL 4754812, *3 (E.D. Cal. Oct. 29, 2008) (64-day delay is not unreasonable and is subject to statutory tolling); Payne v. Davis, No. C 06-5310 SBA (PR), 2008 WL 941969, *4 (N.D. Cal. Mar. 31, 2008) (63-day delay "well-within" the reasonable delay contemplated in Evans); Terrell v. Woodford, No. CIV S-07-0784 LKK EFB P, 2008 WL 508490, *6 (E.D. Cal. Feb. 22, 2008) (68-day interval found reasonable); Skoor v. Tilton, No. CIV 06-1601, 2008 WL 152144, *19 (S.D. Cal. Jan. 16, 2008)

Here, the 165-day period between the California Court of Appeal's denial of habeas relief on March 21, 2008 and petitioner's filing of his habeas petition in the California Supreme Court on September 2, 2008, is slightly less than the six months of unexplained delay that the Supreme Court in <u>Chavis</u> found to be unreasonable. However, it is more than the 146 days of unexplained delay that the Ninth Circuit in <u>Banjo</u> found to be unreasonable and longer than the 101 and 115-days of unexplained delay found to be unreasonable in <u>Chaffer</u>. Therefore, unless petitioner has offered an adequate explanation, his 165-day delay in filing with the California Supreme Court is unreasonable under binding Ninth Circuit precedent.

In this regard, the only explanation offered by petitioner for his delay in pursuing his state habeas remedies is the following:

> Petitioner had no knowledge concerning parole matters and had to conduct extensive research prior to preparing and filing his petition <u>initially</u>. It is also important to note that the prison system is severely overcrowded. Thus, limiting inmates access to such resources as the prison law library. However, once the petitioner learned how to file a habeas petition his petitions between [c]ourts were filed within very short periods of time.

(Opp'n at 4) (emphasis added).

It falls to this federal court to determine whether petitioner's explanation would have been found to be satisfactory by California courts, had they considered the matter, to justify

---

(six-month delay neither unjustified nor unreasonable under <u>Chavis</u>); <u>Stowers v. Evans</u>, No. CIV S-05-2067 MCE GGH P, 2006 WL 829140, *2-3 (E.D. Cal. Mar. 29, 2006) (87-day interval between denial and subsequent filing not unreasonable); <u>Lor v. Kramer</u>, No. CV F-05-1556 AWI SMS HC, 2007 WL 1723300, *1 (E.D. Cal. June 13, 2007) (140-day interval found unreasonable but suggesting 88-day passage of time between denial and filing of the next petition was not unreasonable); <u>Rodriguez v. Scribner</u>, No. CV F-04-5530 DLB HC, 2006 WL 3762117, *5 (E.D. Cal. Dec. 20, 2006) (tolling 60 days of a 235-day delay in proceeding between levels of state habeas review because "the California Supreme Court would no doubt have found [it] reasonable"); <u>but see</u> <u>Sigmon v. Kernan</u>, No. CV 06-5807 AHM (JWJ), 2009 WL 1514700 at *5 (C.D. Cal. May 27, 2009) (unexplained 123-day delay would be found unreasonable by California courts; <u>Forrister v. Woodford</u>, No. CV F-05-00170 LJO WMW HC, 2007 WL 809991, *3 (E.D. Cal. Mar. 15, 2007) (88 day gap found unreasonable); <u>Culver v. Director of Corrections</u>, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (71 and 97-day periods found unreasonable). This is not surprising in light of the uncertain scope of California's "reasonable time" standard.

his five-and-a-half month delay in pursuing state remedies between the California Court of Appeal and the California Supreme Court. On one hand, an inmate's lack of legal knowledge and/or limited access to the prison law library can reasonably account for lengthy "gaps" in state proceedings. As one district court has noted, "[t]he United Supreme Court has also implied that a delay may be excused if the prisoner was unable to access the prison law library due to scheduling conflicts or prison lockdowns." Gutierrez, 2008 WL 4822867 at *5. See also Roeung v. Felker, 484 F. Supp. 2d 1081, 1084 (C.D.Cal. 2007) (petitioner's "limited abilities and the complexity of [his] case" were among factors warranting statutory tolling of six-month delay); In re Perez, 65 Cal.2d 224, 228 (1966) (petitioner's almost three-year delay in seeking habeas corpus relief "is sufficiently explained by his allegations that when he entered the state prison he had not completed the seventh grade in school and knew nothing of legal rights or procedures, and that he has diligently used the limited opportunities available to prisoners for legal research and the preparation of legal documents.").

On the other hand, petitioner's brief and conclusory explanation pertains solely to his delay in filing his initial habeas petition with the Los Angeles Superior Court, not his third and final petition to the California Supreme Court. It is that latter state habeas petition that involved the 165-day delay in filing described above which is the only period for which the statutory tolling of the AEDPA limitations period is in dispute.[7] Thus, the question is whether petitioner's general claim of lack legal knowledge and/or limited access to the prison law library reasonably justified, under California law, the length of time it took him to file his habeas petition with California Supreme Court.

Having reviewed the record, the undersigned concludes that the answer is no. Petitioner's initial state habeas petition filed in the Los Angeles Superior Court and his third state

---

[7] Indeed, petitioner has not attempted to link his explanation to the the relevant period of delay. Rather, he merely provides his general explanation and later states, without further explanation, that the time from the California Court of Appeals denial to his filing in the California Supreme Court should also be tolled. (Opp'n at 4)

petition to the California Supreme Court are largely identical. (Compare MTD, Ex. 1(a) with id., Ex. 5(a).)[8] Petitioner has provided no explanation why he needed five and half months to file a nearly identical petition in the California Supreme Court. See Sigmon, 2009 WL 1514700 at *6 (no statutory tolling of the AEDPA statute of limitations for 123-delay rejected where petitioner had raised one of the grounds for relief in a previous petition and was aware of the facts underlying the second ground for relief since his trial); Gutierrez, 2008 WL 4822867 at *7 (statutory tolling of the AEDPA statute of limitations rejected where the record revealed that petition filed in the state appellate court was identical to that filed in the lower court, and petitioner failed "to show why he needed more than four months to file the same petition a second time."); see also Thomas v. Small, No. 09cv109-JLS (BLM), 2010 WL 502711, at *7 (S.D. Cal. 2010) (no statutory tolling where petitioner does not provide facts regarding alleged lockdowns or explain how they affected his access to the prison law library or otherwise impacted his ability to file his state habeas petition.)

        Accordingly, the 165-day period between petitioner's state habeas proceedings in the California Court of Appeal and California Supreme Court should not be statutorily tolled. For the same reasons explained above, petitioner is not entitled to equitable tolling of the AEDPA statute of limitations during that disputed period. See e.g. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (recognizing that the lack of access to library material does not automatically qualify as grounds for equitable tolling); Rosati v. Kernan, 417 F. Supp. 2d 1128, 1132 (C.D. Cal. 2006) ("[P]etitioner's complaints about limited access to the law library and legal materials at various state prisons and occasional prison lockdowns do not warrant equitable

---

[8] The only difference between these two petitions is that petitioner's brief to the California Supreme Court included a short additional section arguing that the decision to deny him parole was not based on "some evidence" because the Board had unconstitutionally relied on the "frozen factor" of the facts of petitioner's crime. (MTD, Ex. 5(a) at 26-29.) This argument merely expounded on petitioner's earlier-made claims and included citations and quotations from a few state and federal court decisions that had been issued after the denial of his previous habeas petition. The addition of this short additional argument does not justify, or adequately explain, the 165-days of delay in petitioner seeking habeas relief from the California Supreme Court.

tolling since petitioner has not shown any causal connection between these events and his failure to timely file his habeas corpus petition."): United States v. Van Poyck, 980 F. Supp. 1108, 1111 (C.D.Cal. 1997) (without demonstration of petitioner's diligence, lockdowns at prison allegedly eliminating access to law library were not extraordinary circumstances warranting equitable tolling).

In sum, the AEDPA statute of limitations ran for 120 days between July 29, 2007 when the challenged Board decision became final and petitioner's filing of his first state habeas petition in the Los Angeles County Superior Court on November 25, 2007. The statute of limitations ran once again following the California Court of Appeal's denial of habeas relief on March 21, 2008 and expired 245-days later on November 22, 2008. Petitioner did not file his federal habeas petition until October 24, 2009. However, the statute of limitations for doing so had expired some eleven months earlier.[9] Accordingly, respondent's motion to dismiss this action as time-barred should be granted.[10]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's March 1, 2010 motion to dismiss the habeas petition as untimely (Doc. No. 12) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

---

[9] Therefore, even if petitioner's initial 120-day delay in filing his first state habeas petition were to be subject to equitable tolling, as petitioner argues in conclusory fashion, his federal habeas petition would still be time-barred.

[10] The record before this court appears to establish that petitioner received a parole suitability hearing and that the Board panel provided him a reason for the denial of parole. Therefore, his federal habeas petition would be subject to summary dismissal in any event pursuant to the U.S. Supreme Court's recent decision in Swarthout v. Cooke, 562 U.S.___ , 2011 WL 197627 (Jan. 24, 2011) (per curiam).

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 31, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:3
wils3013.mtd